## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Alicia Songer, | | **CASE NUMBER** |
| | **PLAINTIFF(S)** | 2:25-cv-01190-RGK-PD |
| v. | | |
| Donald J. Trump, et al., | | **ORDER ON REQUEST TO PROCEED** *IN FORMA PAUPERIS* **(NON-PRISONER CASE)** |
| | **DEFENDANT(S)** | |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.    ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

    ☒ The District Court lacks ☒ subject matter jurisdiction ☐ removal jurisdiction.

    ☐ The action is frivolous or malicious.

    ☐ The action fails to state a claim upon which relief may be granted.

    ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

    If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

| | |
|---|---|
| February 18, 2025 | *Gary Klausner* |
| Date | United States District Judge |

On February 11, 2025, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis. (ECF Nos. 1-2.) The Complaint alleges that Defendants, who include the President of the United States and Elon Musk, "engaged in unlawful activities involving unauthorized access to protected computer systems." (ECF No. 1 at 2.) These activities allegedly placed "Plaintiff's Social Security number and bank account information at risk" and resulted in "economic and reputational harm" and "quantifiable damages." (Id.) Plaintiff seeks damages. (Id. at 3.)

The exercise of federal jurisdiction under the Constitution depends on the existence of a case or controversy. United States National Bank v. Independent Insurance Agents of America, Inc., 508 U.S. 439, 446 (1993). "[O]ne of the controlling elements in the definition of a case or controversy under Article III is standing." Hein v. Freedom from Religion Foundation, 551 U.S. 587, 598 (2007) (citation and quotation marks omitted). "The requisite elements of Article III standing are well established: A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Id.

Plaintiff lacks standing. Her alleged injury only "presents injury in the abstract" and is "nothing more than a matter of speculation." Schlesinger v. Reservists Committee to Stop the War, 418 U.S. 208, 217 (1974). Her claimed interest in protecting personal financial information "would adversely affect only the generalized interest of all citizens in constitutional governance, and that is an abstract injury." Id. The Supreme Court has "consistently held that a plaintiff raising only a generally available grievance about government —claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large — does not state an Article III case or controversy." Lujan v. Defenders of Wildlife, 504 U.S. 555, 573-74 (1992). Because there is no case or controversy, the Complaint is dismissed.

Finally, leave to amend is not warranted. Because this action does not present a case or controversy, there is nothing to amend. See Theme Promotions, Inc. v. News America Marketing FSI, 546 F.3d 991, 1010 (9th Cir. 2008) (leave to amend was not warranted where there was no case or controversy); see also Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir. 1988) (leave to amend was not warranted where there was not "anything to amend"). Thus, the Complaint is dismissed without leave to amend, and this action is dismissed without prejudice.

*(attach additional pages if necessary)*